UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

                         :

PETER REGA,                    :

                         :        CASE NO. 1:11-CV-1822
          Plaintiff,        :

                         :

vs.                        :        OPINION & ORDER
                         :        [Resolving Doc. No. 35]

NATIONWIDE MUTUAL INSURANCE  :
CO, et al,                  :

                         :

         Defendants.       :

                         :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendants in this case move to file the deposition transcript and exhibits of Robert

Kennedy, corporate designee for non-party Fiserv, under seal. [Doc. 35.]  Apparently, the parties

entered into their own (that is, unapproved by this Court) "Confidentiality Agreement and Protective

Order." [Doc. 35-1.]  Granting a protective order motion (including a motion to seal, *see* Fed. R.

Civ. P. 26(c)(1)(F)) is within the trial court's discretion, but that discretion "'is circumscribed by a

long-established legal tradition' which values public access to court proceedings." *Procter &*

*Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson*

*Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).  Unwarranted

restriction of court documents hampers the public's ability to act as an important check on judicial

integrity.  *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*,

759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access

Case No. 1:11-CV-1822
Gwin, J.

to court records preserves "the rights of the public, an absent third party").  "Thus, documents filed

in the court generally must be made available to the public." *Carter v. Welles-Bowen Realty, Inc.,*

*628 F.3d 790, 791 (6th Cir. 2010)*.

       Moreover, the fact that all parties jointly seek a protective order or propose a confidentiality

agreement does not overcome the general rule against sealing cases and documents.  *See Proctor &*

*Gamble Co., 78 F.3d at 227* (warning district courts against "abdicat[ing their] responsibility to

oversee the discovery process and to determine whether filings should be made available to the

public" and against "turn[ing] this function over to the parties," which would be "a violation not only

of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

       A successful protective order motion must show specifically that disclosure of particular

information would cause serious competitive or financial harm.  *See, e.g.*, *Brown & Williamson,*

*710 F.2d at 1179-80*.  Here, the Defendants fail to meet this standard:  they do not provide a single

reason why the deposition and exhibits are confidential other than to say that Fiserv's lawyer asked

that they be labeled as such.  [*See* Doc. 35.]  To the contrary, it seems rather unlikely that the

pertinent deposition testimony (that is, how Fiserv processed Plaintiff Rega's payment to the

Defendants) involves any confidential or trade secret information at all.

       Accordingly, the Court **DENIES** the motion to seal.

       IT IS SO ORDERED.


Dated: July 23, 2012                         s/          *James S. Gwin*
                                                   JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE